# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPRI ROGERS,<br><br>    Defendant. | No. 25-CR-4043-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

After consenting to proceed before the undersigned United States Magistrate Judge, Defendant, together with counsel and in the presence of counsel for the Government, appeared before me to enter a guilty plea to Count 1 of the: ☒ Indictment ☐ Superseding Indictment ☐ Information.

Defendant entered a plea ☒ without a plea agreement, or ☐ pursuant to a plea agreement that includes: ☐ the dismissal of charges, ☐ an appeal waiver, ☐ a conditional plea preserving the right to appeal certain rulings under Federal Rule of Criminal Procedure 11(a)(2), ☐ a nonbinding agreement under Federal Rule of Criminal Procedure 11(c)(1)(B), ☐ specific sentencing terms under Federal Rule of Criminal Procedure 11(c)(1)(C).

I cautioned and examined Defendant under oath and in open court as required by Federal Rule of Criminal Procedure 11, including: (1) that the Government could use Defendant's statements made under oath in a prosecution for perjury or false statement; (2) the right to plead not guilty and persist in that plea; (3) the right to counsel; (4) the right to a jury trial, to confront witnesses, to present a defense and compel witnesses, and to remain silent; (5) that trial rights would be forever waived by pleading guilty; (6) the nature of each charge to which Defendant is pleading; (7) the possible penalties that may be imposed, including the maximum and any mandatory minimum penalties and a

special assessment; (8) the operation of the sentencing guidelines; and (9) all collateral consequences that could follow a conviction, including but not limited to, any applicable forfeiture and restitution, the absence of parole in the federal court system, the loss citizenship rights, the nature and possible length of any term of supervised release, as well as possible immigration consequences (if applicable). When applicable, I also made a record of any written plea agreement, the dismissal of any charges, any appeal waiver, any conditional nature of the plea, and any specific sentencing terms under Federal Rule of Criminal Procedure 11(c)(1)(C).

Defendant was given a full opportunity to address the court and ask questions. Counsel for the Government and for Defendant were given the opportunity to make any additional record, raise issues with the validity of the plea proceeding, and assert any legal reason why the plea should not be accepted. Defense counsel acknowledged that the change of plea was knowing, intelligent, and voluntary, that there was a factual basis for the change of plea, and that the plea was valid.

Based on my observations and the record made, I find that: (1) Defendant is competent and the decision to plead guilty was knowing, intelligent, and voluntary and not the product of any force, pressure, threat, or promises, except as may be contained in a written plea agreement; (2) the change of plea is supported by an independent factual basis for each of the essential elements; (3) the provisions of Rule 11 and any other provisions of the law governing submission of guilty pleas have been complied with; (4) any plea agreement is in writing, was disclosed and discussed during the plea hearing, and will be filed in the court file; and (5) there are no agreements or stipulations other than contained in a written plea agreement.

I therefore **RECOMMEND** that the District Court Judge **ACCEPT** the defendant's change of plea and adjudge the defendant guilty.

## Presentence Investigation

I ordered a presentence investigation be conducted by United States Probation.

## Forfeiture

☐ Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1), I find that the Government has established the requisite nexus between Defendant's offense and the property described in the charging document's forfeiture allegation. I recommend the District Court Judge enter a preliminary forfeiture order pursuant to Federal Rule of Criminal Procedure 32.2(b)(2).

## Release/Detention

☒ Defendant will remain detained pending sentencing.

☐ Defendant will remain released pending sentencing: ☐ pursuant to the Court's prior order, or ☐ on an Appearance Bond and Order Setting Conditions of Release (filed separately).

☐ Defendant was ordered to the custody of the United States Marshals Service to be detained pending sentencing for the reasons stated on the record.

## Objections

☒ The parties must file any objections to the findings and my recommendation no later than 14 days from the filing of this Report and Recommendation. If no objections are made, the District Court Judge may accept Defendant's guilty plea by simply entering a written order doing so.

☐ The parties waived their rights to file objections to this Report and Recommendation and agree that the District Court Judge may accept Defendant's change of plea.

**DATED** October 1, 2025.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa